*Trevathan v. Menard*, No. 380-6-16 Wncv (Teachout, J., July 6, 2017); *Trevathan v. Menard*, No. 495-8-16 Wncv (Teachout, J., July 6, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                CIVIL DIVISION
Washington Unit                                   Docket Nos.:
                                                380-6-16 Wncv and
RAYSHUNN TREVATHAN                    495-8-16 Wncv
      Petitioner

      v.

LISA MENARD, Commissioner,
Vermont Department of Corrections
      Respondent

## DECISION
### Mr. Trevathan's Motions for Summary Judgment

Inmate Rayshunn Trevathan seeks Rule 75 review of two disciplinary convictions by the Vermont Department of Corrections while housed in an out of state facility.[1] In each case, Mr. Trevathan appeared for his disciplinary hearing at the end of which the hearing officer found him guilty and so stated orally. Mr. Trevathan filed administrative appeals to the superintendent within 7 days, but the superintendent never issued a decision. He then appealed to this court where he now seeks summary judgment arguing that his convictions should be vacated and expunged according to DOC rule because the superintendent never responded to his administrative appeals.

The administrative process for disciplinary convictions culminating in a determination of guilt has several steps. First, there is a hearing before a hearing officer. DOC directive 410.01, Procedural Guidelines § 5. If the hearing officer finds the inmate guilty, he or she imposes a sanction, all documented on a hearing report form. *Id*. § 6. At that point, the hearing officer "[w]ill explain to the inmate the appeals process, and give them an *Inmate Disciplinary Appeal Form*." *Id*. § 6(f)(iii). However, the hearing report form is then submitted to a disciplinary committee for its review. *Id*. § 8(a), (b). The disciplinary committee then submits the hearing report form to the superintendent, who may "1) support the Disciplinary Committee's decision; 2) reverse the decision; 3) order a new hearing; or 4) modify the sanction imposed, whenever such action is warranted by the record." *Id*. § 8(d). The superintendent then forwards his decision to the inmate. *Id*. § 8(e).

The inmate then has 7 days to appeal that "final decision," after which the appeal may be denied as untimely. *Id*. § 9(a). The inmate does so by submitting an appeal form to a "staff person." "The staff person receiving the Appeal Form to the Superintendent will fill in the appropriate signature, date and time blocks on the form, forward it to be included with the appeal

---

[1] These are separate cases that have not been consolidated pursuant to Rule 42. Because the disposition of each case depends on nearly identical facts and the same legal issue, the court is jointly deciding these cases in the interest of efficiency. The parties are cautioned to avoid joint filings so long as the cases are not formally consolidated.

package, and give the inmate the receipt portion." *Id*. § 9(b). The superintendent then must decide the appeal within 30 days or the violation is vacated and expunged. See *Id*. § 9(c) ("The Superintendent will respond to the appeal within thirty (30) calendar days from the date the appeal was delivered by the inmate to a staff member at the facility. Failure to respond to the appeal within thirty (30) calendar days will result in the dismissal of the disciplinary action, and staff will expunge the DR packet from the inmate's file and the database.").

In the case docketed as No. 380-6-16 Wncv, the disciplinary hearing occurred on April 26, 2016. The hearing officer found him guilty orally at the end of the hearing and on the hearing report form. Mr. Trevathan submitted his appeal form on April 27, 2016. It was accepted by a staff person, who signed and dated it. The final decision of the superintendent approving the guilty finding and sanction was signed on April 28, 2016. Mr. Trevathan did not file a second appeal form. There is no evidence that anyone informed him that his initial one, which preceded the superintendent's final decision, was ineffective. The superintendent never issued any decision on appeal.

In the case docketed as No. 495-8-16 Wncv, the disciplinary hearing occurred on May 18, 2016. The hearing officer found him guilty orally at the end of the hearing and on the hearing report form. Mr. Trevathan submitted his appeal form on May 19, 2016. It was accepted by a staff person, who signed it but did not date it. The final decision of the superintendent approving the guilty finding and sanction was signed at some point but it is unclear when because no date appears on the hearing report form. Mr. Trevathan did not file a second appeal form. There is no evidence that anyone informed him that his initial one, which the State alleges preceded the superintendent's final decision, was ineffective. The superintendent never issued any decision on appeal.

In both cases, Mr. Trevathan argues that his appeals to the superintendent were timely, the superintendent never issued a timely decision on appeal, and therefore he is entitled to judgment. The State argues that Mr. Trevathan appealed before there was an appealable decision, i.e. the superintendent's initial decision on the finding of guilt and sanction following review of the disciplinary committee's report. The thrust of the State's argument is that because the appeal form was filed too soon, there never was any appeal and never any need for a decision by the superintendent. The State also argues that Mr. Trevathan erred by filing his appeals with staff persons who are not either sergeants or lieutenants.

Mr. Trevathan's argument that his appeals were not filed too soon is predicated on his interpretation of the version of the disciplinary process that was adopted pursuant to the Administrative Procedure Act. See Vt. Admin. Code § 12-8-13:0–3 (inmate discipline). It generally describes the disciplinary process but not in nearly the detail of DOC Directive 410.01. The rule provides simply that "[a]n appeal must be filed within 7 work days of receipt of the Hearing Officer's decision." *Id*. § 12-8-13:3. The directive, as described above, plainly contemplates an appeal from the final decision of the superintendent, not the original decision of the hearing officer prior to review by the disciplinary committee and the superintendent. Thus, under the directive, the appeals were filed too soon. Under the rule, it is at least arguable that they were timely filed. Mr. Trevathan applies the rule provision and does not mention the directive.

2

The parties did not brief whether the DOC had or lacked authority to interpret its APA-adopted rule on inmate discipline with a more specific directive, and the court sees no need to resolve any such dispute here. In either event, in the circumstances presented here, the result would be the same. In both cases, Mr. Trevathan filed his appeal after his hearing and after learning that he was found guilty by the hearing officer. He filled out the correct form and gave it to a staff person. There is no indication that anyone told him that he needed to wait to receive the final decision of the superintendent first, nor is there any such indication on the appeal form itself. Instead, the staff person accepted his appeal. The superintendent never decided it. And now the State argues that his appeal is void because he filed his notice of appeal too soon. The State's position offends traditional notions of fair play and substantial justice.

Typically, notices of appeal that are filed before the appeal period begins are treated as filed once the appeal period commences. See, e.g., V.R.A.P. 4(a)(3), (4). Moreover, the acceptance of Mr. Trevathan's appeal forms by staff persons reasonably would have induced one who did not know better that the appeal was properly filed. The failure to notify Mr. Trevathan otherwise thereafter obviously would not give him a fair chance to cure the procedural miscue. In these circumstances, the court concludes that, even though Mr. Trevathan's appeals were filed early, the superintendent nevertheless had the duty to respond within 30 days and he did not. The convictions therefore must be vacated and expunged according to Directive 410.01.

The State's argument that the appeal forms needed to be submitted to a sergeant or lieutenant only, and not to any other corrections officer, is highly unpersuasive. There is no evidence of any such rule or policy. There is only the affidavit of an "executive secretary" at the facility, the scope of whose knowledge is wholly unclear, claiming that inmates are told to submit appeals to sergeants or lieutenants. However, the directive clearly says that they should be submitted to "staff persons" and there is no indication that those who accepted Mr. Trevathan's appeals were not staff persons. Nor is there any indication that anyone told him that he had submitted his appeal form to the wrong person. Instead, his appeals were accepted.

Accordingly, Mr. Trevathan is entitled to the relief he seeks in these cases: the convictions must be vacated and "staff will expunge the DR packet[s] from the inmate's file and the database." DOC directive 410.01, Procedural Guidelines § (9)(c).

ORDER

For the foregoing reasons, in each case, Mr. Trevathan's motion for summary judgment is granted.

Dated at Montpelier, Vermont this _____ day of July 2017.

_____
Mary Miles Teachout
Superior Judge

3